IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARREN JAY MCDONALD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0213 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR WRIT OF HABEAS CORPUS**

Came for consideration the Petition for Writ of Habeas Corpus filed by petitioner DARREN JAY MCDONALD. By his habeas application, petitioner challenges the calculation of his sentences. The undersigned United States Magistrate Judge recommends petitioner's habeas application be DENIED.

I.
FACTUAL AND PROCEDURAL HISTORY

McDonald was charged with two counts of indecency with a child. He entered a plea of guilty pursuant to a plea bargain, and on March 23, 1995, he was sentenced to two concurrent 15-year sentences. According to an affidavit from an employee of the Classification and Records Department of the Texas Department of Criminal Justice, McDonald was released to mandatory supervision on January 18, 2000. Over the next seven years, 16 pre-revocation

warrants were issued, some of which resulted in petitioner being detained for three or more months, but all were eventually withdrawn without revocation of his release. On March 20, 2007, however, petitioner's mandatory supervision was revoked. McDonald filed a time credit dispute on May 8, 2007, to which the TDCJ Classification and Records Division responded on January 12, 2008, finding no error. On January 28, 2008, McDonald filed state habeas applications challenging both convictions. WR-69,594-01, -02. These writs were denied without written order on April 16, 2008. After retaining counsel, McDonald filed two additional writs on July 16, 2009, but filed motions to withdraw those writs on August 7, 2009, and the Court of Criminal Appeals dismissed the writs without written order on August 19, 2009. Petitioner was then released from TDCJ custody to mandatory supervision on November 4, 2009. Two more pre-revocation warrants were issued on May 3 and May 14, 2011. Petitioner was arrested on May 16, 2011, but was re-released on or about October 13, 2011. McDonald filed this federal petition in September 2011, prior to his October release. Petitioner mailed to this court a change of address on March 14, 2013, indicating he had again been arrested and was in custody.

## II.
## PETITIONER'S CLAIM

Petitioner contends respondent is holding him in violation of the Constitution and laws of the United States because his release time was miscalculated. Petitioner also argues the time he spent on electric monitoring should count as time served in prison.

## III.
## AEDPA

This federal petition was filed after the April 24, 1996 effective date of the Antiterrorism

and Effective Death Penalty Act of 1996 (AEDPA).  Consequently, the provisions of the AEDPA apply to this case.

IV.
Merits

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated.  In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.

As referenced under paragraph III. above, this case is governed by the AEDPA. Therefore, this Court, pursuant to 28 U.S.C. § 2254(d), must defer to the state court's adjudication of petitioner's claims on the merits, unless the state court decision was (1) contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  A state court's decision will be contrary to clearly established federal law when it reaches a legal conclusion in direct opposition to a prior decision of the United States Supreme Court, or when it reaches a different conclusion than the United States Supreme Court on a set of materially indistinguishable facts.  A state court's decision will be based on an unreasonable application of clearly established federal law when it is objectively unreasonable.  *Kutzner v. Johnson*, 242 F.3d 605 (5th Cir. 2001).

The state initially argues petitioner's claim should be dismissed as time barred.  While this argument may certainly be valid, this Court will not address it because review of the merits

of petitioner's claims shows petitioner is not entitled to relief. The state argues persuasively in pages 14-17 of its brief that petitioner is not entitled to relief because he has not shown the state court's denial of relief was contrary to or an unreasonable application of state law because there is no federal constitutional right to street time, and petitioner is not entitled to street time under Texas law.

This Court agrees. Petitioner's contention that he is entitled to a reduction in his sentence because of time served on mandatory supervised release is without merit. It is established that claims of failure to properly credit parole time, street time, or mandatory release time do not raise issues of federal constitutional significance because there is no federal constitutional right to street time. *See, e.g.*, *Starnes v. Connett*, 464 F.2d 524 (5th Cir. 1972) (declining to depart from a "unanimous line of precedent."); *Woods v. United States*, 449 F.2d 740, 741 (5th Cir. 1971) ("not entitled to credit . . . for time spent on mandatory release."). Because this claim does not raise a constitutional issue, petitioner is not entitled to federal habeas relief.

Even if a state's misapplication of its street-time laws rose to the level of a cognizable claim, petitioner's claim still fails because he is not entitled to street time under Texas law. Section 508.283(b) of the Texas Government Code provides that a person may be required to serve the remaining portion of their sentence upon revocation of parole or supervised release. Part (c) of the same section provides an exception for people who are not convicted of a crime listed in Texas Government Code § 508.149(a), but the crime petitioner was convicted of is specifically listed as an ineligible offense. Petitioner is not entitled to street time under Texas law.

Lastly, petitioner's contention that time spent "on a monitor" is equivalent to jail time is conclusory and unsupported. Restrictive conditions do not transform mandatory supervised release into "custody" for purposes of calculating time served. *See Polakoff v. United States*, 489 F.2d 727, 730 (5th Cir. 1974). Consequently, petitioner has failed to show the state habeas court's denial of petitioner's claims was contrary to or was an unreasonable application of federal law because he has not shown that any federal law has been misapplied. McDonald's petition for habeas corpus should be denied.

## V.
## RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus relief. It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DARREN JAY MCDONALD be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___5th___ day of May 2014.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).